IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. THOMPSON (#143256), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-0195 |
| ) | |
| TAMMY FORD, WARDEN, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, R. Gov'g § 2254 Cases; 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. After undertaking the Rule 4 review in this case, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**I.     Procedural and Factual Background**

The petitioner alleges that he was convicted by a jury in Davidson County, Tennessee, Case No. 2010-C-1932, of aggravated robbery. The trial court sentenced him to life without the possibility of parole. The conviction and sentence were affirmed on appeal. *State v. Thompson*, No. M2012-01151-CCA-R3-CD, 2013 WL 5873280 (Tenn. Ct. Crim. App. Oct. 30, 2013), *perm. appeal denied* (Tenn. March 12, 2014). The petitioner also states that, at the time he filed his petition in this Court, the trial court had denied his state post-conviction petition but his post-conviction appeal, filed by counsel, was still pending. The Court takes judicial notice that the Tennessee Court of Criminal Appeals filed its opinion denying post-conviction relief on February 9, 2016, one day after the petitioner's petition was docketed in this Court. *Thompson v. State*, M2015-00846-CCA-R3-PC, 2016 WL 496996 (Tenn. Ct. Crim. App. Feb. 9, 2016).

In addition, the petitioner states that he filed a petition for the writ of habeas corpus in the state court on November 20, 2015, arguing that the statute under which he was convicted "does not provide for

punishment of life in prison." (ECF No. 1, at 4.) He alleges that the "state" refused to answer this petition and suggests that the trial court did not issue a ruling denying the petition. He affirmatively indicates, by marking "N/A" in the pertinent spaces on his form petition, that he did not appeal the denial of his state habeas petition. (ECF No. 1, at 6.)

The petitioner raises two claims in his current petition in this Court:

(1) The petitioner's civil rights were violated when the state refused to answer his petition for the writ of habeas corpus in state court (ECF No. 1, at 5); and

(2) The petitioner is being held on a void judgment in violation of his civil rights (*id.* at 7).

When asked to explain why he did not exhaust his state remedies with respect to these claims, the petitioner states: "Petitioner sent [post-conviction] counsel Heard, Elaine copy of writ on 11-17-15 asking for advice but she refused to answer the petition and Petitioner's letter address to her." (*Id.*)

In the space allotted for stating the facts supporting his claims, the petitioner explains that the judgment against him is "void and/or contrary to T.C.A. 39-13-402(b) Class B felony. This statute does not carry punishment of life in prison." (ECF No. 1, at 7.) The Court understands the petitioner to mean that his sentence is in violation of due process because, under Tennessee law, a sentence of life without the possibility of parole is not a legal sentence for a conviction of aggravated robbery, a Class B felony.[1]

## II. Exhaustion of State Court Remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims to the state courts so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404

---

[1] The state appellate decision affirming the conviction indicates that the petitioner was sentenced as a "repeat violent offender," a designation defined by Tenn. Code Ann. § 40-35-120. Under § 40-35-120(g), "[t]he court shall sentence a defendant who has been convicted of [any specifically designated violent offense] to imprisonment for *life without possibility of parole* if the court finds beyond a reasonable doubt that the defendant is a repeat violent offender as defined in subsection (a)." *Id.* (emphasis added). Any party may appeal the trial court's finding of whether the defendant is a repeat violent offender. *Id.* § 40-35-120(h). The petitioner's apparent designation as such was not challenged on direct appeal. *See State v. Thompson*, 2013 WL 5873280, at *1 (listing issues raised on appeal).

U.S. 270, 275 (1971)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system. *Duncan*, 513 U.S. at 365–66. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.[2] The district court can and must raise the exhaustion issue when it clearly appears that habeas claims have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987). The petitioner bears the burden of showing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A petitioner cannot establish exhaustion if he has the right under state law to raise the questions presented in his habeas petition. 28 U.S.C. § 2254(c).

The allegations in the petitioner's petition affirmatively establish that he did not exhaust his remedies in the state court with respect to the claims he raises in this Court. He did not pursue disposition of his habeas corpus petition by the trial court, and he did not seek to appeal to the Tennessee Court of Criminal Appeals.

The Court further notes that, under 28 U.S.C. § 2244, a state prisoner is generally permitted to file only *one* petition for the writ of habeas corpus under 28 U.S.C. § 2254 challenging a state-court judgment. Section 2254 petitions are subject to a one-year statute of limitations, running from the date the conviction became final on direct review. That one-year period is tolled while a state post-conviction petition is pending.

In this case, the statute of limitations clearly has not run for the petitioner to file a § 2254 petition raising fully exhausted claims. The present action therefore must be dismissed without prejudice to the petitioner's ability to return to this Court once his claims have been fully exhausted and/or to present additional claims.

### III. Conclusion

For the reason set forth herein, the petition filed in this case will be denied and this matter dismissed without prejudice for failure to exhaust state-court remedies.

Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a Certificate of Appealability ("COA") when it enters a final order. Because the claims asserted herein are not "adequate

---

[2] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will deny a COA.

      An appropriate order is filed herewith.

                                                                   TODD CAMPBELL
                                                                   United States District Judge